JOHN R. LUND (4368)
MURRY WARHANK (11792)
SNOW, CHRISTENSEN & MARTINEAU
10 Exchange Place, Eleventh Floor
Post Office Box 45000
Salt Lake City, Utah  84145-5000
Telephone: (801) 521-9000
Facsimile:  (801) 363-0400

*Attorneys for Defendant Kenneth Bates*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JOHN FEHER and VIRGINIA FEHER,  Plaintiffs,  vs.  KENNETH "BUZZ" BATES,  Defendant. | **MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT THAT MR. BATES IS NOT RESPONSIBLE FOR THE ACTS OF UNKNOWN THIRD-PARTIES**  Case No. 2:07-CV-00732  Honorable Dale A. Kimball |

INTRODUCTION

Utah's ranchers have no duty to insure motorists against the illegal acts of third parties. Here, Plaintiffs claim that Defendant Kenneth "Buzz" Bates is liable because he was somehow negligent in allowing a gate to remain unlocked. A cow escaped from the gate, and Mr. Feher hit that cow. Mr. Bates was legally prevented from locking the gate through which the cow

escaped. It is undisputed that no evidence shows that either Mr. Bates or his agents left the gate open. The gate was left open by a third-party in violation of Utah Code Ann. § 4-26-4 (1979). The third party has not been identified, and it is therefore undisputed that Plaintiffs cannot show Mr. Bates "special relationship" to the tortfeasor. Summary judgment is therefore appropriate as Mr. Bates has no duty to protect against the criminal acts of a third party.

## STATEMENT OF UNDISPUTED MATERIAL FACTS

1. John Feher was driving north on US-191 towards Moab on December 6, 2006. (Am. Compl. ¶ 7.)

2. A cow had escaped through a gate. *Id.* at ¶ 5.

3. The cow wandered onto US-191. *Id.*

4. Mr. Feher failed to see the cow in time to stop. *See id.* at ¶ 7.

5. Mr. Feher crashed into the cow. *Id.*

6. One gate near the scene of the accident had been left open. (Terry Leach Dep. 34-35; pertinent parts attached as Exhibit A.)

7. Terry Leach, who was helping Mr. Bates, traced the cow's tracks through the open gate. *Id.*

8. Buzz Bates did not leave the gate open. (Buzz Bates Dep. 68, pertinent parts attached as Exhibit B.)

9. Mr. Bates was not in Moab at the time of the accident. *Id.* at 47, 68.

10. Before he left, Mr. Bates drove the length of the area in which his cows were grazing to examine the gates. *Id.*

11. All the gates they were all closed when Mr. Bates checked them. *Id*.

12. Terry Leach, who was helping Mr. Bates, did not leave the gate open. (Leach Dep. 17-18.)

13. Mr. Leach drove the length fence in the area in which Mr. Bates were grazing to examine the gates two or three times while Mr. Bates was out of Moab. *Id*. at 18.

14. Mr. Bates' land, which is leased from governmental agencies, is bisected by public highways. (Bates Dep. 125.)

15. Mr. Bates cannot lock the gates across the roads that enter into the public land that he leases. *Id.* at 123-125.

ARGUMENT

BUZZ BATES IS NOT LIABLE FOR THE ILLEGAL ACT OF A THIRD PARTY.

The aim of negligence law is to hold parties responsible for careless acts. It is not to hold parties related to an accident monetarily responsible for missing person's illegal conduct. Whether a defendant has a duty to the plaintiff is a question of law. *Moore v. Smith*, 2007 UT App 101, ¶ 33, 158 P.3d 562. In cases where the alleged omissions of the defendant lead to damages, Utah Courts hold that, in the absence of a "special relationship," the defendant has no duty to act to protect the public from the acts of a third-party. *Beach v. University of Utah*, 726 P.2d 413, 415 (Utah 1986); *see also* "[A]n omission or failure to act can generally give rise to liability only in the presence of some external circumstance–a special relationship." *Webb v. Univ. of Utah*, 2005 UT 80, ¶ 10, 125 P.3d 906. "Because people are inherently less controllable than physical things, the common law has imposed no duty to control the conduct of others

except in certain circumstances, as where a special relationship exists." *Trapp v. Salt Lake City Corp.*, 835 P.2d 161, 161 (Utah 1992).

One also has no duty to protect another from the criminal conduct of a stranger. *District of Columbia v. Beretta*, 872 A.2d 633, 640 (D.C. 2005); 57A Am.Jur.2d *Negligence* § 96 (2008). Special "relationships generally arise when one assumes responsibility for another's safety or deprives another of his or her normal opportunities for self-protection." *Webb*, 2005 UT 80 at ¶ 10, 125 P.3d 906 (quotations and citation omitted).

In Utah, it is a crime for ranchers using public lands (such as Mr. Bates) to lock gates across public highways. Utah Code Ann. § 72-7-106 (2008); *see also* (Bates Dep. 124-125). More importantly, it is illegal to leave such a gate open. The Utah Agricultural Code provides:

> Any person who willfully throws down a fence or opens bars or gates into any enclosure other than the person's own enclosure or into any enclosure jointly owned or occupied by such person and others, and leaves it open is guilty of a class "C" misdemeanor, and is also liable in damage for any injury sustained by any person as a result of such an act.

Utah Code Ann. § 4-26-4 (1979).

Against this backdrop, Plaintiffs have failed to create genuine issue of material fact that could entitle them to compensation from Mr. Bates. It is undisputed that the gate was not left open by Mr. Bates. (Buzz Bates Dep. 68.) It is undisputed that the gate was not left open by Terry Leach. (Leach Dep. 17-18.) No one has identified the culprit who allowed the cow to wander onto the highway, so no evidence shows that the person or persons who allowed the cow to escape had some sort of relationship that would permit the Court to hold Mr. Bates' liable for

this as-of-yet unidentified third party's criminal acts. Mr. Bates therefore had no duty to protect against the tortfeasor's illegal act of leaving the gate open.

## CONCLUSION

Plaintiffs should determine who let the cow out and sue that party. Mr. Bates, who lost a cow in the incident, would also like to know who got him involved in this lawsuit. However, it is inequitable to try to heap responsibility for this accident on Mr. Bates simply because the responsible parties cannot be found. It is undisputed that no facts link Mr. Bates to how the cow escaped or the person or persons who failed to close the gate. He therefore had no duty under Utah law to protect Plaintiffs from the illegal acts, and summary judgment should be granted.

DATED this 27th day of January, 2009.

SNOW, CHRISTENSEN & MARTINEAU

/s/ Murry Warhank
_____
John R. Lund
Murry Warhank
*Attorneys for Buzz Bates*

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on the 27th day of January, 2009, I electronically filed the foregoing **MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT THAT MR. BATES IS NOT RESPONSIBLE FOR THE ACTS OF UNKNOWN THIRD-PARTIES** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following

    Peter C. Collins
    Peter C. Collins, LLC
    623 East 2100 South
    Salt Lake City, Utah  84106

                                                 /s/ Linda St. John
                                                _____

23935-1 1038891