IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JOHN FEHER and VIRGINIA FEHER,<br><br>　　　　　　　　　Plaintiffs,<br>v.<br><br>KENNETH "BUZZ" BATES,<br><br>　　　　　　　　　Defendant. | MEMORANDUM DECISION<br>AND ORDER<br><br>Case No. 2:07CV732 DAK |

　　　　　This matter is before the court on Defendant Kenneth "Buzz" Bates's ("Mr. Bates") Motion for Summary Judgment. A hearing on the motion was held on April 23, 2009. At the hearing, Mr. Bates was represented by Murry Warhank and John R. Lund. Plaintiffs John and Virginia Feher ("Plaintiffs" or "Mr. Feher" and "Mrs. Feher," respectively) were represented by Peter C. Collins. Before the hearing, the court carefully considered the memoranda and other materials submitted by the parties. Since taking the motion under advisement, the court has further considered the law and facts relating to this motion. Now being fully advised, the court renders the following Memorandum Decision and Order.

　　　　　On the night of December 6, 2006, Mr. Feher suffered injuries resulting from his truck striking a cow that had wandered onto Highway US-191, south of Moab in San Juan County, Utah. It is undisputed that Mr. Bates had exclusive rights to pasture his 300-350 cattle in a certain area on the west side of Highway 191 during the winter, and it is also undisputed that the

1

cow in question belonged to Mr. Bates. There is no dispute that a gate on Mr. Bates's property, near the scene of the accident, had been left open.[1]

Plaintiffs assert that Mr. Bates willfully and/or negligently permitted a number of his cows to stray and/or remain unaccompanied on Highway 191 near milepost 116 and that this negligence proximately caused Mr. Feher's injuries. Mr. Bates has moved for summary judgment, contending that ranchers have no duty to protect the public from the actions of unknown third parties.

In making such an argument, Mr. Bates ignores his inescapable duty to exercise reasonable care to keep his cattle off the highway.[2] *See* Utah Code Ann. § 41-6a-407. Taken to its logical conclusion, Mr. Bates's contention would be that a rancher could never be liable for damages caused by escaped livestock if an unknown third party leaves a gate open, regardless of the foreseeability of the gate being left open, the condition of a fence or gate, the history and/or

---

[1] Plaintiffs do not dispute that there are dirt roadways dedicated to public usage that are on the public lands leased by Mr. Bates to pasture his cattle and that Mr. Bates was prohibited from locking the gates over the public dirt roadways.

[2] Section 41-6a-407 of the Utah Code provides that

> (l)(a) A person who owns ... any livestock may not willfully or negligently permit any of the livestock to stray or remain unaccompanied on a highway, if both sides of the highway are separated from adjoining property by a fence . . . .
> . . . .
>
> (3) In any civil action brought for damages caused by collision with any domestic animal or livestock on a highway, there is no presumption that the collision was due to negligence on behalf of the owner . . . of the domestic animal or livestock.

frequency of cows escaping, the strength or laxity of a rancher's cattle supervision; the frequency of a rancher's gate monitoring, or the efforts he had otherwise taken to insure that his cattle did not escape.  Mr. Bates, however, is simply wrong as a matter of law, and he is therefore not entitled to judgment as a matter of law.

Plaintiffs have created genuine issues as to many material facts, such as, but not limited to:  (1) the whether Mr. Bates checked on the status of the gates before he left town, (2) the quality of his gate inspection; (3) whether cows had previously escaped from the pasture and how often; (4) what efforts Mr. Bates had taken to prevent his cows from escaping; (5) Mr. Bates' instructions to Mr. Leech regarding inspecting the gates while Mr. Bates was out of town; (6) how often Mr. Leech monitored the gates while Mr. Bates was out of town; (7) the quality of Mr. Leech's inspection(s); (8) the quality of Mr. Leech's efforts to contain the cattle after he discovered–two or three days before the incident at issue–that four or five cows had escaped and that the cattle guard had been rendered ineffectual due to the snow; (9) whether Mr. Bates knew that there was a problem with gates being left open; (10) if Mr. Bates knew there was a problem with open gates, what efforts did he take to remedy the problem; and (11) whether Mr. Bates placed a "please close gate" sign on the gate in question, as he apparently had done with other gates.

In sum, a jury must decide whether Mr. Bates failed to exercise reasonable care to prevent his cattle from escaping from his pasture, or, stated another way, whether Mr. Bates's supervision of his cattle was adequate to absolve him of negligence.  Plaintiffs do not dispute that they must prove by a preponderance of the evidence that Mr. Bates was negligent and that there is no

presumption of negligence under Utah law.

## CONCLUSION

For the foregoing reasons, Mr. Bates's Motion for Summary Judgment [docket # 21] is DENIED. The court will soon enter the Stipulated Scheduling Order proposed by the parties and will also issue a Trial Order regarding the 4-day jury trial set to begin on July 7, 2009.

DATED this 30th day of April, 2009.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge